JOHN J. FINNEY, Respondent, *v.* PETER W. GALLAUDET *et al.*, Appellants.

*Court of Appeals, March* 21, 1890.

Affirming, 19 N. Y. St. Rep. 923.

*Appeal. Verdict of jury.*—The court of appeals has no jurisdiction to weigh the evidence, but are concluded by the verdict of the jury, in case of coflicting evidence.

Appeal from a judgment of the general term of the court of common pleas in and for the city and county of New York, affirming a judgment entered upon a verdict, and an order denying a motion for a new trial.

*Fraser & Minor*, for appellants.

*Edwin M. Selt*, for respondent.

PER CURIAM.—This action was brought to recover of the defendants, a firm of stock brokers, profits on stock transactions alleged to have been made between April 15, 1886, and October 4th of the same year, while plaintiff was dealing in stocks through the defendants. The plaintiff claims a balance of $1,688.33, besides interest.

The facts in relation to this balance were admitted by the answer of the defendants, and their sole defense was that after the 4th day of October, 1886, the plaintiff continued his stock operations through them until the 10th day of January, 1887, and made losses in such operations, so that on that day there was a balance due from him to the defendants, on account of all the stock operations, of over $5,000.

Upon the trial the defendants gave evidence tending to show that subsequently to the 4th day of October, 1886, the plaintiff conducted his stock transactions with the defendants through one DeWitt C. Wyckes, a clerk in their employment, and that he gave such clerk verbal orders for the purchase and sale of stocks, and that the losses claimed by the defendants were made by him in such sales and purchases. But the plaintiff, as a witness on his own behalf, denied that he made the sales and purchases through Wyckes, or that he had any stock transactions with the defendants after October 4th, and thus there was a question of fact for the jury to determine as to the liability of the plaintiff for the losses made in the transactions after that date. It is quite true that upon the record as it appears before us there was a preponderance of evidence upon the issue between the parties in favor of the defendants. But we have no jurisdiction to weigh the evidence. The jury had the right to believe the evidence of the plaintiff rather than that given on the part of the defendants, and their verdict concludes us.

Our attention is called in the brief submitted on behalf of the defendants to various rulings on questions of evidence during the trial. A careful scrutiny of them does not disclose to us any error. The opinion at the general term is an ample justification of the decision there rendered, and it should be affirmed here.

Judgment affirmed, with costs.

All concur.